This is an appeal from an order of the Superior Court, Law Division, dismissing plaintiff's complaint in lieu of a prerogative writ, to have the award of a contract to defendant Soney Sage Co., for "the service of editing, publishing and delivering advance sheets and permanent bound volumes of the judicial opinions handed down in the Supreme Court, Superior Court and County Courts of the State of New Jersey" set aside and the defendant Ferber directed to award the contract to the plaintiff.
The complaint alleged that the defendant Ferber is the Director of the Division of Purchase and Property in the Department of the Treasury of the State of New Jersey; that Ferber did advertise for public bids for a contract for editing, publishing and delivering advance sheets, in permanent bound volumes, of the judicial opinions handed down in the Supreme Court, Superior Court and County Courts of the State of New Jersey during the period from September 15, 1948, to September *Page 238 
1, 1950; that the plaintiff submitted a bid and met all specifications and conditions; that three bids were received — the plaintiff's bid being $34, the bid of the defendant Soney 
Sage being $36, and the bid of Hudson Dispatch being $60; that the plaintiff was the lowest responsible bidder meeting all specifications and conditions; that in violation of law the defendant Ferber awarded the contract to the defendant Soney 
Sage, who was not the lowest responsible bidder.
Complaint demanded (a) that the action of the defendant Ferber in awarding the contract to the defendant Soney Sage Co. be reversed and set aside; (b) that the said action be set aside and declared null and void; (c) that the defendant Ferber be directed to award the contract to the plaintiff as the lowest responsible bidder.
The defendants moved for a dismissal of the complaint for failure to state a claim upon which relief can be granted; the court granted the motion of the defendants and entered the order dismissing the complaint, which is now under appeal.
On a motion of this kind, the court must assume the ability of the plaintiff to prove all of the facts alleged in the complaint or incorporated therein by reference. We must assume, therefore, that the plaintiff was the lowest responsible bidder. The only question presented by this appeal is whether a contract for the editing and printing of the opinions of our courts must be awarded to the lowest responsible bidder. The plaintiff argues that R.S. 52:18A-19 and 52:34-1 both require award to the lowest responsible bidder.
The pertinent language of R.S. 52:18A-19 reads:
"Each using agency shall, at all times, in the form and for the periods prescribed by the director of the Division of Purchase and Property, present to him detailed applications and schedules for all articles to be purchased. The director shall then arrange such schedules or parts thereof for purchase and contract, in the manner best calculated to attract competition and advantageous prices. He shall award contracts or orders for purchase to the lowest responsible bidder meeting all specifications and conditions,"
coupled with the definition of "articles" found in R.S.
52:25-1: *Page 239 
"`Articles' mean and include any and all materials, supplies, furniture, equipment, printing, stationery, live stock and all other chattels, goods, wares and merchandise whatsoever."
The pertinent language of R.S. 52:34-1 reads:
"No contract or agreement for the construction of any building, for the making of any alterations, extensions or repairs thereto, for the doing of any work or labor, or for the furnishing of any goods, chattels, supplies or materials of any kind, the cost or contract price whereof is to be paid with state funds and shall exceed the sum of one thousand dollars, shall be awarded, made or entered into by the board of managers or board of trustees of any state institution, or by any state department or commission, or by any person acting for or on behalf of the state, without first having publicly advertised for bids for the same, according to the specifications to be furnished to or for the inspection of prospective bidders by the board of managers or board of trustees of any state institution, or by the state department or commission, or by the person acting for or on behalf of the state, authorized to procure the same."
The question resolves itself into one of statutory construction.
Since the early 1850's to date, the purchase of printed volumes containing the opinions of our courts has never been considered as coming within any statute requiring advertising or award to the lowest bidder. Over all these years a distinction has been made in the three types of printing, namely, (a) printing of opinions of the courts, (b) general public printing, and (c) departmental printing. In 1877, "An act for the publication of the law and chancery reports" was enacted and now is R.S.
2:18-1 et seq. Section 2:18-4 reads:
"Each volume of the reports shall be printed by the law and chancery reporters respectively, at their own expense, upon good paper to be approved by the secretary of state. Whenever a volume of either the law or equity reports shall be printed the reporter thereof shall deliver to the custodian of the state house four hundred and fifty copies thereof, for which the treasurer shall pay the reporter for each volume such sum as shall be fixed by the chancellor and the chief justice of the supreme court."
Under this section and its predecessor, for over 75 years, printed reports of the decisions of our courts have always been *Page 240 
purchased without award to the lowest bidder. The requirement that contracts for printing be awarded after advertisement to the lowest bidder has been a requirement since the enactment ofP.L. 1895, c. 433, entitled "An Act relative to public printing, stationery and blanks." This statute expresses the legislative intent as to what shall be included in the term public printing and departmental printing. Included in public printing are "the journal of the Senate, the minutes of the joint meeting and executive sessions, and the minutes of the house of assembly for the ensuing year, and all such official reports and public documents of whatever kind, including the current printing of the legislature, as may by the printing board hereinafter mentioned, be required to be printed;" and included in departmental printing by sections 7 and 8 are "printing all blanks and furnishing all stationery required for the use of the several departments and public offices of the state government." In both cases, the act required award to the lowest responsible bidder. In the case of departmental printing, this act required the head of each department and public office of the state government "to furnish the comptroller with a statement of the amount and kind of stationery, and with samples of such blanks as will be needed by their respective departments."
In 1916, by chapter 68, the office of state purchasing agent was created. The purchase of departmental printing by this act was taken from the state printing board. Section 1 of this act provides "The duty and the authority for the purchase of any and all furniture, equipment, materials, supplies, printing and stationery, of whatever kind or description, used or needed for use by any and all officers, boards, commissions or subdivisions of any kind, of the State government or by any State institution, board or commission or agency of the State * * * is hereby exclusively vested in the * * * State House Commission." Without substantial change, this language has been carried forward intoR.S. 52:18A-19, now relied upon by plaintiff.
By P.L. 1931, c. 179, the state purchase commissioner was created to succeed the state purchasing agent, and the provisions *Page 241 
of the 1916 act were carried forward concerning departmental purchases, and imposed upon him the duty to purchase "any and all materials, supplies, furniture, equipment, printing, stationery, live stock and all other chattels, goods, wares and merchandise whatsoever, hereinafter called articles, used or needed by the State, and its institutions, boards, commissions and officers receiving legislative appropriations hereinafter called using agencies." The same act provided: "Each using agency shall * * * present to him detailed applications and schedules for all articles to be purchased. * * * The State Purchase Commissioner shall then arrange such schedules or parts thereof * * * for purchase and contract, and for advertising when, as, and if required, in the manner best calculated to attract competition and advantageous prices;" and, in section 12, provided: "The State Purchase Commissioner shall award contracts or orders for purchase to the lowest responsible bidder submitting a proposal for the same." At the same time, in 1931, chapter 180 was enacted, which abolished the state printing board and transferred the presently existing powers and duties of the said board to the new state purchase commissioner. This had the effect of putting public printing under the state purchase commissioner and continuing the requirement that after advertising it be awarded to the lowest responsible bidder, contained in the 1895 act above referred to.
The pertinent provisions of P.L. 1931, chapters 179 and 180, were incorporated in the Revised Statutes as R.S. 52:25-1et seq., without change. The incorporation of the state purchase commissioner in the State Department of Taxation and Finance by P.L. 1944, c. 112, and the later incorporation in the Department of the Treasury by P.L. 1948, c. 92, made no change in the statutory language under consideration.
The history of this legislation and its continuous construction since 1895 make it clear that the requirement of the 1895 act, that public printing and the departmental printing must be awarded to the lowest bidder, was never intended to and did not apply to printing of opinions of the courts. *Page 242 
The other statute relied upon by plaintiff — R.S. 52:34-1, originated in a supplement to the Crimes Act, P.L. 1907, c.
277, and has been carried down, with no pertinent change, throughP.L. 1930, c. 70, into R.S. 52:34-1. The language of this statute setting forth the requirement that certain purchases should be made after advertising and award to the lowest responsible bidder has been on our books for 42 years. At no time during all these years was it ever suggested that the language of this act covered the printing of opinions of the courts.
The contemporaneous construction of the statutes relied upon by the plaintiff, which construction has continued without interruption and without question for all these years, is a complete answer to the plaintiff's claim that either statute applies in the case of printed opinions of the courts.
The judgment under review is affirmed.